United States District Court
District of Minnesota
Civil No. 19-2096 (DSD/DTS)

Spok, Inc.,

    Plaintiff,

v.  **ORDER**

Hemant Goel,

    Defendant.

Maximilian Grant, Esq. and Latham & Watkins LLP, 555 11th Street NW, Suite 1000, Washington, DC 20004; R J Zayed, Esq. and Dorsey & Whitney LLP, 50 South 6th Street, Suite 1500 Minneapolis, MN 55402; and Michael A. David, Esq. and Latham & Watkins LLP, 885 Third Avenue New York, NY 10022-4834, counsel for plaintiff.

Faris Rashid, Esq. and Mark L. Johnson, Esq. and Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon defendant Hemant Goel's motion to dismiss or stay in favor of arbitration. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to stay is granted.

**BACKGROUND**

This contract dispute arises from Goel's employment with plaintiff Spok, Inc. The court will recite only those facts and allegations relevant to the narrow issue presented.

In October 2014, Spok hired Goel as its chief operating officer. Compl. ¶ 4. At that time, the parties executed an employment agreement which included a non-competition clause. Id. Spok ultimately promoted Goel to president. Id. ¶ 5. The parties later executed the Amended and Restated Executive Severance and Change in Control Agreement (Agreement), which superseded the earlier employment agreement. Id. ¶ 6; id. Ex. 2.

Among other things, the Agreement prohibits Goel from competing with Spok for a period of two years following his departure from Spok. Compl. ¶ 7; id. Ex. 2 § 8. In Section 9 of the Agreement, Goel acknowledged that violation of the non-competition clause "will cause irreparable damage" to Spok and that Spok "shall be entitled as a matter of right to an injunction, out of any court of competent jurisdiction, restraining any violation" of that clause. Compl. ¶ 8; id. Ex. 2 § 9. The Agreement also contains an arbitration clause which provides, in relevant part:

> Except as otherwise provided in Section 9 hereof, the parties agree that any dispute, claim, or controversy based on common law, equity, or any federal, state, or local statute, ordinance, or regulation (other than workers' compensation claims) arising out of or relating in any way to this Agreement, its termination or any Termination of Employment, <u>including whether such dispute is arbitrable</u>, shall be settled by arbitration.

```
                    * * *
```
> The arbitration proceeding shall be conducted under
> the employment dispute resolution arbitration rules
> of the American Arbitration Association in effect at
> the time a demand for arbitration under the rules is
> made.

Compl. Ex. 2 § 19 (emphasis added).

On April 26, 2019, Goel resigned from Spok and soon thereafter began working for Capsule Technologies as its chief executive officer. Compl. ¶ 12. On August 2, 2019, Spok filed this suit against Goel alleging that he breached the non-competition clause in the Agreement by working for Capsule, a competitor. Spok seeks a permanent injunction enjoining Goel from further breaching the Agreement and monetary damages. Goel now moves to dismiss or stay the action in favor of arbitration.

## DISCUSSION

In deciding whether to compel arbitration under the Federal Arbitration Act, the court considers: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within that agreement." Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004). The threshold question, however, is whether the arbitrator or the court has the authority to decide whether a particular dispute is subject to arbitration.

"The question whether the parties have submitted a particular dispute to arbitration ... is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting AT&T Techs., Inc. v. Commc'n Workers, 475 U.S. 643, 649 (1986)). Further, the Eighth Circuit Court of Appeals has held that an agreement to arbitrate that mandates arbitration consistent with the American Arbitration Association's (AAA) rules "constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator." Fallo v. High-Tech Inst., 559 F.3d 874, 878 (8th Cir. 2009); see also N. Am. Composites Co. v. Reich, No. 15-3537, 2016 WL 471353, at *1-2 (D. Minn. Feb. 5, 2016) ("[W]here, as here, the parties explicitly incorporate the AAA rules of arbitration, the parties have delegated the question of arbitrability to the arbitrator."); Barkl v. Career Educ. Corp., No. 10-3565, 2010 WL 4979231, at *2 (D. Minn. Dec. 2, 2010) ("Where an agreement to arbitrate mandates arbitration in accordance with the [AAA] Rules, the parties to the agreement have clearly and unmistakably agreed to assign the question of arbitrability to the arbitrator in the first instance.").

Here, the court finds that the parties have clearly and unmistakably agreed to arbitrate the issue of arbitrability. First, the Agreement broadly states that the question of whether "any dispute, claim, or controversy ... arising out of or relating in any way to [the] Agreement" is arbitrable shall "be settled by arbitration." Compl. Ex. 2 § 19. Second, the parties agreed to incorporate the AAA rules into their dispute resolution, which evinces their intent to reserve the question of arbitrability to the arbitrator.

The court is mindful of Spok's argument that Section 9 of the Agreement mandates that a court, rather than an arbitrator, adjudicate disputes relating to the non-competition provision. The court is not persuaded, however, that Section 9 undermines or conflicts with the arbitration clause's broad pronouncement that arbitrability is to be determined by an arbitrator. Under these circumstances, whether the instant dispute falls within the scope of the arbitration clause in the Agreement is an issue reserved solely for the arbitrator.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to stay [ECF No. 14] is granted; and

6

2. This matter is stayed pending completion of the arbitration or a determination by the arbitrator that the issue is not subject to arbitration.

Dated: October 24, 2019

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court